# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-318


**STATE OF LOUISIANA**

**VERSUS**

**ROBERT MARQUEZ WILSON**



\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM THE SUPREME COURT
OF THE
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 112303-F
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
Candyce G. Perret, Judges.



**REVERSED AND REMANDED.**




**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**

**Robert Marquez Wilson**

**Trent Brignac**
**District Attorney**
**Post Office Drawer 780**
**Ville Platte, Louisiana  70586**
**(337) 363-3438**
**Counsel for Appellee:**
        **State of Louisiana**

**Jeffrey M. Landry**
**Attorney General**
**Colin Clark**
**J. Taylor Gray**
**Assistant Attorney General**
**Post Office Box 94005**
**Baton Rouge, Louisiana  70804**
**(225) 326-6200**
**Counsel For Appellee:**
        **State of Louisiana**

**KEATY, Judge.**

Defendant appealed his conviction and sentence. This court reversed on hearsay grounds, vacated his sentence, and remanded the matter to the trial court for a new trial. *State v. Wilson*, 19-318 (La.App. 3 Cir. 12/18/19), 286 So.3d 637. The State subsequently sought review by the supreme court, which remanded to this court for review in light of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020), regarding the requirement of unanimous jury verdicts. *State v. Wilson*, 20-128 (La. 6/3/20), ___ So.3d ___. On remand from the supreme court and pursuant to the following reasons along with the reasons previously set forth in *Wilson*, 286 So.3d 637, Defendant's conviction is reversed, his sentence is vacated, and this matter is remanded to the trial court for a new trial.

## FACTS, PROCEDURAL BACKGROUND, AND DISCUSSION

This matter involves a shooting that occurred in Ville Platte on April 23, 2017. Prior to the shooting, there was an altercation between Defendant, Robert Marquez Wilson, and Santiago Thomas. After the shooting, Santiago found a bullet that had pierced the back of his car. A bystander, Kathy Weston, was also shot and killed. On April 11, 2018, Defendant was indicted for second degree murder, a violation of La.R.S. 14:30.1. The State charged Defendant with other offenses by bill of information although the trial court ordered these to be severed from the murder charge on October 1, 2018. On that same day, a jury was selected and trial commenced one day later. On October 5, 2018, the jury returned a responsive verdict finding Defendant guilty of manslaughter, a violation of La.R.S. 14:31. On January 17, 2019, Defendant was sentenced to twenty-five years at hard labor. Defendant appealed and asserted the following assignments of error:

> 1.    The trial court erred in its denial of Robert Marquez Wilson's right to confront and cross-examine two witnesses for the State. The court abused its discretion in weighing the out of court statements for

credibility as a test to carve out an exception to the confrontation clause.

2.      The State failed to prove Robert Marquez Wilson fired the shot that resulted in the death of Kathy Weston, thus the State failed to prove beyond a reasonable doubt that Robert Marquez Wilson was guilty of manslaughter.

3.      A. Louisiana's constitution and statutory provisions allowing a conviction with a verdict of less than all twelve jurors violate[s] the Equal Protection Clause of the United States Constitution. The 1898 Constitution of Louisiana was written "to establish the supremacy of the white race in this State." As racism was a substantial or motivating factor behind the enactment of the laws allowing non-unanimous jury verdicts, those provisions violate the Equal Protection Clause.

      B. Considering the sixth amendment right to a jury trial applies in state criminal courts, the right to a unanimous jury verdict should also apply in a state criminal court trial.

On review, this court reversed, vacated Defendant's sentence, and remanded the matter to the trial court for a new trial. *Wilson*, 286 So.3d 637. In January 2020, the State sought review by the supreme court, which remanded to this court for review in light of *Ramos*, 140 S.Ct. 1390, which recently held that unanimous verdicts are required by the federal Constitution. *Wilson*, ___ So.3d ___. Defendant raised the issue on appeal, but this court pretermitted any analysis of it due to the reversal on hearsay grounds.

In the original appeal, the State argued that Defendant had failed to properly raise the issue in the trial court. We find that the merits of the issue must be reviewed because the supreme court ruled that even if it was not preserved for review, the issue must be considered as an error patent. *Wilson*, ___ So.3d ___. In the current record, neither the transcript nor the minutes enumerate the results of the jury poll. However, the polling slips reveal that the verdict was 10-2.

We find that a detailed analysis is unnecessary. Although the concurring justices did not join in all parts of the *Ramos* majority opinion, the Supreme Court

unambiguously determined that non-unanimous verdicts are not permissible under the Sixth Amendment to the Constitution and said prohibition applies to the states through the Fourteenth Amendment. *Ramos*, 140 S.Ct. at 1396-97, 1408; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, JJ. As previously noted, the verdicts in the present case were not unanimous. Therefore, and in addition to the reasons previously set forth in *Wilson*, 286 So.3d 637, Defendant's conviction is reversed, his sentence is vacated, and this matter is remanded to the trial court for a new trial.

## DISPOSITION

For the reasons assigned above and previously set forth in *State v. Wilson*, 19-318 (La.App. 3 Cir. 12/18/19), 286 So.3d 637, the conviction of Robert Marquez Wilson is reversed, his sentence is vacated, and this matter is remanded to the trial court for a new trial.

**REVERSED AND REMANDED.**